UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN COMSTOCK, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:22CV1009 NAB |
| TERI VANDERGRIFF, | ) |
| Respondent. | ) |

### OPINION, MEMORANDUM AND ORDER OF TRANSFER

Petitioner, who is presently incarcerated at the Farmington Correctional Center ("FCC") in St. Francois County, Missouri, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the Court will transfer this case to the United States District Court for the Western District of Missouri and provisionally grant Petitioner's motion to proceed *in forma pauperis* (ECF No. 2), subject to modification by the transferee court.

In November 2020, Petitioner pled guilty to three charges of sexual abuse in the Circuit Court of Dallas County, Missouri. *State v. Comstock*, No. 18WE-CR00754-02 (30th Jud. Cir. 2020). Petitioner was sentenced to fourteen (14) years total with the Missouri Department of Corrections. This is the judgment Petitioner challenges in his § 2254 petition currently before the Court. ECF No. 1 at 1.

Dallas County is located in the Western District of Missouri. 28 U.S.C. § 105(b)(5). FCC, where Petitioner is currently incarcerated, is located in the Eastern District of Missouri. 28 U.S.C. § 105(a)(1). Pursuant to 28 U.S.C. § 2241(d), the district courts for the Eastern District of Missouri and the Western District of Missouri have concurrent jurisdiction to hear this case. In circumstances such as this, the district court in which the petition was originally filed may, in the exercise of its discretion and in the furtherance of justice, transfer the case to the other district for

hearing and determination. *Id.* In addition, 28 U.S.C. § 1404(a) provides that a district court, for the convenience of the parties and witnesses and in the interest of justice, may transfer any civil action to any other district or division where it might have been brought.

Transfer of this action is appropriate because Petitioner's constitutional claims are based upon a conviction entered in a circuit court located within the Western District of Missouri, the relevant records are located there, and if hearings are required, the Western District of Missouri would be more convenient for witnesses. In addition, the Court entered an administrative order stating that, absent any unusual circumstances, any habeas petition challenging a conviction or sentence arising out of a proceeding in the Western District of Missouri should be transferred to that district. *In re Business of the Court*, January 27, 1986. As such, the Court will therefore order that this case be transferred to the United States District Court for the Western District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion to proceed *in forma pauperis* [ECF No. 2] is **provisionally GRANTED** pursuant to 28 U.S.C. § 1915 and subject to modification by the United States District Court for the Western District of Missouri.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 2241(d).

Dated this 27th day of September, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE